UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Plaintiff,<br>     v.<br><br>ADIL KIEK HIRAMANEK,<br><br>            Defendant. | Case No. 5:14-cv-04640-PSG<br><br>**ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(Re: Docket No. 1)** |

Defendant Adil Hiramanek removed his criminal case from Santa Clara Superior Court to this court. Hiramanek then filed an application to proceed *in forma pauperis*, which this court granted several days later. While this court did find cause to waive Hiramanek's filing fees, it does not find that the case is properly in federal court. While Hiramanek believes that he had the statutory authority to remove his case to federal court, this court disagrees. The court ORDERS the case be reassigned to a district judge with the recommendation that the case be remanded for lack of subject matter jurisdiction.[1]

---

[1] The undersigned is ordering reassignment to a district judge and issuing a report and recommendation because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. § 636 (authorizing magistrate judges to submit "findings of fact and recommendations" to the district judge); *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988) (noting "a magistrate can prepare a report and recommendation which, after allowing opportunity for objections, a district judge can review" and adopt).

1
Case No. 5:14-cv-04640-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

**United States District Court**<br>For the Northern District of California

Removal from state court to federal court in a criminal case "is proper *only* if the petitioner asserts, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights."[2]  Pursuant to 28 U.S.C. § 1443(1), "a court may remand, without a hearing, in cases in which, under no conceivable stretch of the imagination could a proper claim be stated on amendment."[3]  Because removal "brings the state prosecution to an immediate halt[,] [i]t ought not to be permitted to do so when it is perfectly apparent that the very narrow ground for removal not only is not, but cannot conceivably be stated."[4]

This is such a case.  Hiramanek alleges that he has been subjected to "denial of access to State Court facilities, harassment, torture, intimidation, unlawful search and seizure, unlawful interrogation, unlawful detention, unlawful confiscation of property, obstruction and perversion of course of justice, shadowing, eviction from the facility, [and] forcibly removed."[5]  He also alleges that these actions were taken against him as a result of his "racial minority and ethnic background."[6]  But he fails to show in any way that any of these actions—whether or not they in fact took place—were racially motivated.  That "other white Caucasian public visitor[s]" at the courthouse were not similarly treated does not even remotely suggest that Hiramanek was removed from the courthouse for a race-related reason.  Hiramanek complains about his treatment and proceeds to presume that it was race-based.  This is far from sufficient to establish a civil rights violation that would allow removal of a state criminal case to federal court.

---

[2] *Davis v. Superior Court of State of Cal.*, 464 F.2d 1272, 1272 (9th Cir. 1972) (emphasis in original) (internal quotation marks omitted) (citing *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)).

[3] *Id*. at 1273 (internal quotation marks omitted) (citing *Tomasino v. People*, 451 F.2d 176, 177 (9th Cir. 1971)).

[4] *Id*.

[5] Docket No. 1 at 1.

[6] *Id*.

Because no proper claim could conceivably be stated—even with amendment—to establish a race-based civil rights violation, removal of this case is not warranted. This case shall be reassigned by the Clerk so that a district judge may finally dispose of Hiramanek's case.

**IT IS SO ORDERED**

Dated: October 31, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:14-cv-04640-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION