**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADIL K. HIRAMANEK,<br><br>    Defendant. | Case No.  14-cv-04640-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Re: ECF 9] |

### I. BACKGROUND

On October 14, 2014, Defendant Adil Hiramanek ("Defendant") filed a Notice of Removal, removing criminal case #C1235568 from the Santa Clara County Superior Court to the Northern District of California under 28 U.S.C. § 1443(1). Not. of Removal, ECF 1. The Notice of Removal, which is twenty-five pages long and filled with numerous references to statutes and legal authorities, does not include a copy of the criminal case. Upon removal, the case initially was assigned to Magistrate Judge Paul S. Grewal, who issued an order directing that the case be reassigned to a district judge along with a Report and Recommendation ("R&R") that the case be remanded for lack of subject matter jurisdiction. R&R at 1, ECF 9. Defendant timely objected to the R&R. Obj., ECF 12. Having considered the R&R, Defendant's objection thereto, and the applicable legal authorities, the Court hereby ADOPTS the R&R and REMANDS the case to the Santa Clara County Superior Court for lack of subject matter jurisdiction.

### II. LEGAL STANDARD

A district court judge may refer a matter to a magistrate judge to issue findings of fact and recommendations for the disposition of the matter. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1); Civ. L.R. 72-3. Any objections to the report and recommendation of a magistrate judge

must be filed within fourteen days of receipt thereof and must "specifically identify the portions of the findings, recommendation or report to which objection is made and the reason and authority therefor." Civ. L.R. 72-3(a). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### III. DISCUSSION

As noted, the nature of the criminal action against Defendant is unclear. Mr. Hiramanek claims that in connection with that action, he has been "subjected to denial of access to State Court facilities, harassment, torture, intimidation, unlawful search and seizure, unlawful interrogation, unlawful detention, unlawful confiscation of property, obstruction and perversion of course of justice, shadowing, eviction from the facility, forcibly removed, et al." Not. of Removal at 1, ECF 1.[1] He asserts that these actions were taken against him as a result of his "racial minority [status] and ethnic background," which he identifies as "Asian Indian." *Id.* On these bases, Defendant removed a pending state court criminal action against him to the Northern District of California under "all applicable removal statutes, including but not limited to 28 U.S.C. § 1443(1), § 1651 [All Writs Act], § 2201, [and] 42 U.S.C. § 2000a-3." *Id.*

Of those statutes, only 28 U.S.C. § 1443(1) potentially authorized removal. That statute provides for removal of a criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006). "First, the

---

[1] The Court notes that Defendant appears on the Vexatious Litigant List maintained by the California Courts, available at http://www.courts.ca.gov/12272.htm. It may be that his perceived "denial of access to State Court facilities" related to his status as a vexatious litigant.

1   petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit

2   statutory enactment protecting equal racial civil rights." *Id.* (quotation marks and citation

3   omitted). "Second, petitioners must assert that the state courts will not enforce that right, and that

4   allegation must be supported by reference to a state statute or a constitutional provision that

5   purports to command the state courts to ignore the federal rights." *Id.* (quotation marks and

6   citation omitted).

7   Defendant's Notice of Removal does not meet either prong. Where comprehensible, the

8   Notice of Removal makes bare allegations of raced-based discrimination, unsupported by facts

9   suggesting that, for example, the criminal prosecution and exclusion from public facilities was

10  motivated by Defendant's race or ethnicity. Moreover, Defendant "point[s] to no formal

11  expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor [does

12  he] point to anything that suggests that the state court would not enforce [his] civil rights in the

13  state court proceedings." *Patel*, 446 F.3d at 999.

## IV.  ORDER

Accordingly, the Court adopts the R&R[2] and REMANDS this case to the Santa Clara County Superior Court for lack of subject matter jurisdiction.

Dated:  November 25, 2014

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] As pointed out by Defendant, the R&R relied upon outdated authority for the proposition that removal "brings the state prosecution to an immediate halt." R&R at 2 (quoting *Davis v. Sup. Ct. of State of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972)). Effective January 2012, "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3). The Court nonetheless adopts the R&R because remand is appropriate under the analysis set forth above.